IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SURYA PALAGIRI<br><br>Plaintiff,<br><br>v.<br><br>NPC International, Inc. d/b/a Pizza Hut<br><br>Defendant | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Suyra Palagiri ("Plaintiff"), through his undersigned counsel, and files this lawsuit against NPC International, Inc. d/b/a Pizza Hut ("NPC" or "Defendant"), and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action to obtain full and complete relief for Defendant's failure to pay overtime wages as required by the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA").

## JURISDICTION AND VENUE

2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

1

3.

Pursuant to 28 U.S.C. § 1391 and Local Rule 3.1(B)(1)(a), venue is proper in this Court because the unlawful employment practices described herein were committed within the Atlanta Division of the United States District Court for the Northern District of Georgia.

## PARTIES

4.

Plaintiff is a citizen of the United States of America and a resident of the State of Georgia.

5.

Defendant is a corporation conducting business throughout the State of Georgia, including the Atlanta Division.

6.

Defendant may be served with process by delivering a copy of the summons and Complaint to its registered agent Robert Knox at 114 Knox Shopping Center, Thomson, Georgia, 30824.

7.

Defendant is governed by and subject to 29 U.S.C § 206 and § 207.

8.

At all relevant times, Defendant engaged in interstate commerce, and had at least $500,000.00 in annual gross volume of sales made or business done.

9.

At all relevant times, Defendant was an "employer" as that term is defined by 29 U.S.C. § 203(d).

10.

At all relevant times, Defendant acted directly or indirectly in the capacity of an "employer" in relation to Plaintiff.

11.

At all relevant times, Plaintiff was an "employee" of Defendant as that term is defined by 29 U.S.C. § 203(e).

## STATEMENT OF FACTS

13.

Plaintiff worked at Pizza Hut from November 2003 to October 2015.

14.

During the three years preceding the filing of this Complaint (i.e., between April 19, 2013 and April 19, 2016), Plaintiff worked as a Restaurant General Manager ("RGM") at a Pizza Hut in Suwanee, Georgia.

15.

As an RGM, Plaintiff was paid on a salary basis.

16.

As an RGM, Plaintiff consistently worked between 65 and 70 hour per week.

17.

Plaintiff was never paid overtime (i.e., time and one-half his regular hourly rate of pay) for any and all hours worked over forty (40) in a week.

18.

Defendant misclassified Plaintiff as exempt from the overtime pay requirements of the FLSA.

19.

Despite Plaintiff's "manager" job title, Plaintiff spent approximately ninety (90) percent of his time performing non-managerial duties. Plaintiff made pizzas, answered phones, took orders, served customers, cleaned the store, etc. The remaining ten (10) percent of Plaintiff's time was spent performing so-called "management" duties, most of which were also performed by the Assistant General Manager and Shift Manager. Plaintiff's "management" duties included counting the inventory; counting money; making bank deposits; creating weekly work schedules using an automated computer system; opening and closing the store; and updating the "CHAMPS" communication board with promotions, directives from upper management, sales results, etc.

20.

Defendant knew or had reason to know that Plaintiff was misclassified as exempt from the FLSA's overtime pay requirements.

21.

Plaintiff was required to perform a large amount of manual labor on a daily basis.

22.

In order to meet weekly labor goals/payroll budget, the Area Manager often told Plaintiff to cut his subordinates' work hours. Inevitably, Plaintiff was forced to make up the difference by working longer hours and performing more manual labor.

23.

Plaintiff was required to operate the store according to Defendant's standard operating procedures, policies and guidelines. Plaintiff could not deviate from these standards and decide to operate the store however he pleased.

24.

Plaintiff had no control over labor goals/payroll budget, prices, promotions, products, store hours, or the store layout.

25.

Plaintiff could not determine the pay rates of his subordinates.

26.

All cooks and customer service representatives were to be paid minimum wage (i.e., $7.25 per hour) unless Plaintiff's Area Manager authorized a higher hourly rate. On several occasions, Plaintiff's Area Manager denied Plaintiff's request to pay a cook $7.50 per hour instead of $7.25 per hour.

27.

Plaintiff's Area Manager determined the pay rates of the Shift Manager and Assistant General Manager.

## **COUNT ONE**
## **Fair Labor Standards Act**
### **(Failure to Pay Overtime Compensation)**

28.

Plaintiff reasserts and incorporates by reference paragraphs 13 through 27 of this Complaint as if fully set forth herein.

29.

At all relevant times, Defendant violated the FLSA by failing to pay Plaintiff time and one-half his regular hourly rate of pay for all hours worked over forty (40) in a week.

30.

At all relevant times, Defendant purposefully misclassified Plaintiff as exempt in order to avoid paying Plaintiff overtime.

31.

At all relevant times, Defendant required, suffered and/or permitted Plaintiff to work more than forty (40) hours per week without paying Plaintiff overtime.

32.

Despite Plaintiff's "manager" job title, Plaintiff's primary duty was not "management."

33.

At all relevant times, Plaintiff spent the overwhelming majority of his time performing manual labor. Moreover, Plaintiff's so-called "management duties" were more clerical than managerial in nature, and were also performed by his purported subordinates, all of whom were not exempt from the FLSA's overtime pay requirements.

34.

Defendant acted in willful disregarded of its obligations under the FLSA. Defendant knew or had reason to believe that Plaintiff's "primary duty" was not management, and that Plaintiff was entitled to be paid overtime.

35.

Defendant failed to maintain accurate records of Plaintiff's actual work hours in violation of the FLSA's recordkeeping requirements.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays for relief as follows:

A. For a trial by jury;

B. For a finding that Defendants violated Plaintiff's rights as set forth herein;

C. For a judgment in Plaintiff's favor for unpaid wages, liquidated damages, prejudgment interest on unpaid wages, and reasonable attorneys' fees and costs in accordance with the FLSA, 29 U.S.C. § 216, and all other legal and equitable relief as may be appropriate to effectuate the purposes of the FLSA; and

D. For such other and further relief as this Court deems proper and just.


Date: April 19, 2016

           Respectfully submitted,

           SMITH LAW, LLC

    By:   /s/ Louise N. Smith
           Louise N. Smith
           Georgia Bar No. 131876
           William J. Smith
           Georgia Bar No. 710280
           *Attorneys for Plaintiff*

SMITH LAW, LLC
P.O. Box 1396
Atlanta, GA 30019
T: (678) 889-2898
F: (678) 889-2890
louise@smithlaw-llc.com
william@smithlaw-llc.com

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed.R.Civ.P. 38(b), Plaintiff demands a trial by jury.

By: /s/ Louise N. Smith
Louise N. Smith
Georgia Bar No. 131876
William J. Smith
Georgia Bar No. 710280
*Attorneys for Plaintiff*

SMITH LAW, LLC
P.O. Box 1396
Dacula, GA 30019
T: (678) 889-2898
F: (678) 889-2890
louise@smithlaw-llc.com
william@smithlaw-llc.com

## FONT AND POINT CERTIFICATION

The undersigned counsel for Plaintiff hereby certifies that the within and foregoing COMPLAINT was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

This 19th day of April, 2016.

                              SMITH LAW, LLC

                  By:   /s/ Louise N. Smith
                             Louise N. Smith
                             Georgia Bar No. 131876

## CERTIFICATE OF SERVICE

I hereby certify that I have caused or will cause service to issue upon Defendants to this Action with the foregoing COMPLAINT by personal service pursuant to Fed. R. Civ. P. 4. within the time allowed by Fed. R. Civ. P. 4(m). This 19th day of April, 2016.

                                              SMITH LAW, LLC

                                  By:  /s/ Louise N. Smith
                                             Louise N. Smith
                                             Georgia Bar No. 131876